UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEC V. MATTHEWS,

      Plaintiff,

v.                                      Case No: 8:20-cv-304-T-02JSS

RICHARD ZAYAS, STEPHEN
KUNZ, ANTHONY E. PORCELLI,
SHARON C. SAMEK, ANN
ALDRICH, ELIZABETH A.
KOVACHEVICH and BUREAU
OF PRISON,

      Defendants.
_____/

# ORDER

THIS CAUSE is before the Court on Plaintiff's Civil Rights Complaint ("Complaint," Doc. 1), filed pursuant to 28 U.S.C. § 1331, 1343(a)(3),(4), in which Plaintiff alleges various violations of his rights under the United States Constitution. Plaintiff is a convicted prisoner proceeding *pro se*.

Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1343(3), (4) provides:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

. . .

> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Although Plaintiff cites the state law portion of Section 1343, he sues only federal Defendants, in connection with his federal conviction. Accordingly, the Court reads his complaint as broadly[1] to assert a violation of his civil rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389, 397 (1971), which recognizes a federal action against federal officials in their individual capacities for the violation of an individual's constitutional rights.[2]

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they

---

[1] The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

[2] A *Bivens* action is similar to a civil rights action pursuant to section 1983, 42 U.S.C. However, a *Bivens* action is maintained against federal officials while a section 1983 action is maintained against state officials. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). When analyzing a *Bivens* claim, federal courts apply case law interpreting section 1983 cases. *See, e.g.*, *Solliday v. Fed. Officers*, 413 F. App'x 206, 209 (11th Cir. 2011).

should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In addition, 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff has filed suit against ATF Agent Richard Zayas, Assistant United States Attorneys Stephen Kunz and Anthony E. Porcelli, appointed criminal counsel Sharon C. Samek, District Judges Ann Aldrich and Elizabeth A. Kovachevich, and the Bureau of Prisons. Among other things, Plaintiff claims that he was racially profiled when he was arrested in May 2001 and that the prosecutors presented false evidence to the grand jury and made racially charged statements to an all white jury. He also claims his defense counsel threatened him, withheld evidence, and denied him equal protection under the Constitution. As to the District Judges, he claims they discriminated against him and denied him equal protection, operated under a

conflict of interest, permitted counsel to select an all white jury, and denied his request for a change of venue. He further claims the Bureau of Prisons uses intimidation and other measures to interfere with his grievance activities, threatens his life, and puts him in harm's way.

A *Bivens* action is governed by the same statute of limitations as a section 1983 action, *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996), and a federal court may *sua sponte* consider a statute of limitations defense in a section 1983 action if that defense is apparent from the face of the complaint. *Clark v. Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990). *See also*, *McKenzie v. U.S. Dep't. of Justice, Drug Enforcement Agency*, 143 F. App'x 165 (11th Cir. 2005) (affirming the *sua sponte* denial of a *Bivens* action as time-barred). Section 1983 does not contain a statute of limitations, therefore, claims are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 1990); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Plaintiff's Complaint stems from his arrest and trial in 2001, and mentions other circumstances related to a tort claim he filed in 2005; however, the instant Complaint was not filed until February 2020, which is substantially more than four years after the dates his causes of action accrued. Accordingly, the Court concludes that Plaintiff's Complaint is barred by the statute of limitations and will be dismissed

as frivolous. *See Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) (stating that " '[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.' ") (quoting *Clark*, 915 F.2d at 641 n.2).[3]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of Court is directed to enter judgment, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 19, 2020.

_____*s/William F. Jung*_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff's claims against all Defendants except Agent Zayas and the Bureau of Prisons are also subject to dismissal because prosecutors, defense attorneys, and judges are immune from suit under section 1983. *See Kalina v. Fletcher*, 522 U.S. 118, 128-29 (1997) (prosecutors are immune from suit for actions taken while performing their prosecutorial duties; *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (defense attorneys are not state actors who can be held liable under § 1983); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (noting that judges are entitled to absolute immunity for acts taken "while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.") (quotation omitted).

Moreover, the Bureau of Prisons is not an entity subject to suit under *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (explaining the properly named defendant is not the federal agency, but the federal agents who participated in the alleged constitutional violation).